**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RALPH DWAYNE SIMMONS,

　　　　Petitioner-Appellant,

v.

RICHARD MARR, and ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

　　　　Respondents-Appellees.

No. 98-1381
(D.C. No. 97-M-1366)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.　See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).　The case is therefore

ordered submitted without oral argument.

---

\* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.　The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Ralph Dwayne Simmons appeals from the denial of his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The district court denied his application for a certificate of appealability. We also deny petitioner a certificate of appealability, and dismiss the appeal.

Petitioner was convicted on April 24, 1989, in Denver District Court of first-degree sexual assault, second-degree kidnapping, and three counts under Colorado's habitual criminal statute. He was sentenced to two concurrent life sentences plus a period of parole. His conviction and sentence were upheld on appeal and in state post-conviction proceedings.

In this appeal, petitioner argues that: (1) the identification procedures employed by the police were substantially unreliable and denied him his right to due process; (2) the destruction of exculpatory evidence by the police denied him his right to due process; (3) the withholding of exculpatory evidence by the government violated his right to due process; (4) he was denied his right to counsel at the physical lineup; (5) he was denied effective assistance of counsel at trial; and (6) the trial court abused its discretion and violated his rights to due process and effective assistance of counsel when it denied his motion for appointment of an expert witness in state post-conviction proceedings.

Before petitioner may appeal, he must obtain a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must "indicate which specific issue or issues satisfy [this] showing," id. § 2253(c)(3).

We have carefully reviewed petitioner's brief, the magistrate judge's recommendation, and the record on appeal, including the state court record. We find no error, and deny petitioner's application for a certificate of appealability for substantially the same reasons given in the magistrate judge's recommendation, as adopted by the district court.

The appeal is DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge